%JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

13-cv-4185

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Estate of Ryan Roberts

**(b)** County of Residence of First Listed Plaintiff: **Philadelphia**
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Paul J. Hetznecker, Esquire, 1420 Walnut Street, Phila., PA 19102
215-893-9640

## DEFENDANTS
Police Officers Busa, McCarthy, Turner, Valenza, John Doe I, John Doe II and the City of Philadelphia

County of Residence of First Listed Defendant: **Philadelphia**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | / ☐ 365 Personal Injury - Product Liability |  |  | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 480 Consumer Credit |
|  | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other |  | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability |  | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General |  | ☐ 871 IRS—Third Party 26 USC 7609 |  |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application |  | ☐ 950 Constitutionality of State Statutes |
|  | / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee |  |  |
|  | ☒ 440 Other Civil Rights / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions |  |  |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. 1983 and 1988
Brief description of cause:
Excessive Use of Force

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
**DEMAND $**
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions)
JUDGE _____ DOCKET NUMBER _____

DATE: 07/18/2013
SIGNATURE OF ATTORNEY OF RECORD: /s/ Paul J. Hetznecker, Esquire

JUL 1 8 2013

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 2834 Kirkbride Street, Philadelphia, PA, 19134

**13  4185**

Address of Defendant: City of Philadelphia, et al, 1515 Arch Street, 15th Floor, Philadelphia, PA 19103

Place of Accident, Incident or Transaction: 1501 Chestnut Street, Philadelphia, PA 19102

*(Use Reverse Side for Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))  Yes☐ No☐

Does this case involve multidistrict litigation possibilities?  Yes☐ No☐

RELATED CASE, IF ANY:
Case Number: _____  Judge _____
Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐ No☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐ No☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐ No☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes☐ No☐

CIVIL: (Place ✓ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify)

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify)

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Paul J. Hetznecker, Esquire, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: July 18, 2013    /s/ Paul J. Hetznecker    49990
                       Attorney-at-Law            Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: July 18, 2013    /s/ Paul J. Hetznecker, Esquire    49990
                       Attorney-at-Law                    Attorney I.D.#

CIV. 609 (6/08)

JUL 18 2013

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | |
|---|---|
| KATHLEEN NEWTON, As Administrator of<br>The Estate of Ryan Roberts<br>2834 Kirkbride Street<br>Philadelphia, PA 19134<br>　　　　　Plaintiff<br>　　　　　v.<br>POLICE OFFICER JOSEPH BUSA<br>Badge No. 1192<br>In His Individual and Official Capacity as a<br>Philadelphia Police Officer<br>City of Philadelphia　- Law Department<br>1515 Arch Street, 15th Floor<br>Philadelphia, PA 19103<br>　　　　　and<br>POLICE OFFICER MATTHEW MCCARTHY<br>Badge No. 2789<br>In His Individual and Official Capacity as a<br>Philadelphia Police Officer<br>City of Philadelphia - Law Department<br>1515 Arch Street, 15th Floor<br>Philadelphia, PA 19103<br>　　　　　and<br>POLICE OFFICER DENNIS TURNER<br>Badge No. 2175<br>In His Individual and Official Capacity as a<br>Philadelphia Police Officer<br>City of Philadelphia - Law Department<br>1515 Arch Street, 15th Floor<br>Philadelphia, PA 19103<br>　　　　　and<br>POLICE OFFICER RUSSELL VALENZA<br>Badge No. 2177<br>In His Individual and Official Capacity as a<br>Philadelphia Police Officer<br>City of Philadelphia - Law Department<br>1515 Arch Street, 15th Floor<br>Philadelphia, PA 19103<br>　　　　　and<br>POLICE OFFICER JOHN DOE I<br>Assigned to Emergency Patrol Wagon 2601<br>In His Individual and Official Capacity as a<br>Philadelphia Police Officer<br>City of Philadelphia - Law Department<br>1515 Arch Street, 15th Floor<br>Philadelphia, PA 19103<br>　　　　　and<br>POLICE OFFICER JOHN DOE II<br>Assigned to Emergency Patrol Wagon 2601<br>In His Individual and Official Capacity as a<br>Philadelphia Police Officer<br>City of Philadelphia - Law Department<br>1515 Arch Street, 15th Floor<br>Philadelphia, PA 19103 | CIVIL ACTION NO.<br>　　13　　4185<br><br>JURY TRIAL DEMANDED |

```
                              and                           :
     CITY OF PHILADELPHIA                                   :
     City of Philadelphia - Law Department                  :
     1515 Arch Street, 15th Floor                           :
     Philadelphia, PA 19103                                 :
                              Defendants                    :
```

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (x)

| July 18, 2013 | Paul J. Hetznecker, Esquire | _____ |
|---|---|---|
| Date | Attorney-at-law | Attorney for Plaintiff |
| 215-893-9640 | 215-893-0255 | phetznecker@aol.com |
| Telephone | FAX Number | E-Mail Address |

(Civ. 660) 10/0

JUL 18 2013

#400

PAUL J. HETZNECKER, Esquire
Attorney ID No. 49990
1420 Walnut Street, Suite 911
Philadelphia, PA 19102
(215) 893-9640                                    Attorney for Estate of Ryan Roberts

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KATHLEEN NEWTON, As Administrator of : <br> The Estate of Ryan Roberts : <br> 2834 Kirkbride Street : <br> Philadelphia, PA 19134 : <br>        Plaintiff : <br>        v. : <br> POLICE OFFICER JOSEPH BUSA : <br> Badge No. 1192 : <br> In His Individual and Official Capacity as a : <br> Philadelphia Police Officer : <br> City of Philadelphia - Law Department : <br> 1515 Arch Street, 15th Floor : <br> Philadelphia, PA 19103 : <br>        and : <br> POLICE OFFICER MATTHEW MCCARTHY : <br> Badge No. 2789 : <br> In His Individual and Official Capacity as a : <br> Philadelphia Police Officer : <br> City of Philadelphia - Law Department : <br> 1515 Arch Street, 15th Floor : <br> Philadelphia, PA 19103 : <br>        and : <br> POLICE OFFICER DENNIS TURNER : <br> Badge No. 2175 : <br> In His Individual and Official Capacity as a : <br> Philadelphia Police Officer : <br> City of Philadelphia - Law Department : <br> 1515 Arch Street, 15th Floor : <br> Philadelphia, PA 19103 : <br>        and : | CIVIL ACTION NO. <br><br> **13 4185** <br><br> JURY TRIAL DEMANDED |

1

| | |
|---|---|
| POLICE OFFICER RUSSELL VALENZA | : |
| Badge No. 2177 | : |
| In His Individual and Official Capacity as a | : |
| Philadelphia Police Officer | : |
| City of Philadelphia - Law Department | : |
| 1515 Arch Street, 15th Floor | : |
| Philadelphia, PA 19103 | : |
|             and | : |
| POLICE OFFICER JOHN DOE I | : |
| Assigned to Emergency Patrol Wagon 2601 | : |
| In His Individual and Official Capacity as a | : |
| Philadelphia Police Officer | : |
| City of Philadelphia - Law Department | : |
| 1515 Arch Street, 15th Floor | |
| Philadelphia, PA 19103 | : |
|             and | : |
| POLICE OFFICER JOHN DOE II | : |
| Assigned to Emergency Patrol Wagon 2601 | : |
| In His Individual and Official Capacity as a | : |
| Philadelphia Police Officer | : |
| City of Philadelphia - Law Department | : |
| 1515 Arch Street, 15th Floor | : |
| Philadelphia, PA 19103 | : |
|             and | : |
| CITY OF PHILADELPHIA | : |
| City of Philadelphia - Law Department | : |
| 1515 Arch Street, 15th Floor | : |
| Philadelphia, PA 19103 | : |
|             Defendants | : |

## COMPLAINT

### Introduction

1. This is an action for money damages brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution, and under the common law of the Commonwealth of Pennsylvania, against the City of Philadelphia, Pennsylvania, and on the jurisdiction of this Court to entertain claims arising under state law.

2

2.   It is alleged that the Defendant Philadelphia Police Officers, Busa, McCarthy, Turner, Valenza, and/or John Doe I and John Doe II, caused the Plaintiff's Decedent to suffer grievous bodily injuries after being placed in the back of a Philadelphia Police Emergency Patrol Wagon, handcuffed, unsecured and in an intoxicated condition, such that the Plaintiff's Decedent was thrown around in the back of the van with such force that it caused injuries which eventually became fatal.  It is further alleged that the Defendant Police Officers placed the Plaintiff's Decedent in the back of the patrol wagon, without just cause, or legal justification, and with deliberate indifference, such that this resulted in excessive force, and as such, an unreasonable seizure of his person, violating his rights under the Fourth and Fourteenth Amendments to the United States Constitution, as well as 42 U.S.C. Section 1983, and constituted and assault and battery upon his person under Pennsylvania law.

## Parties

3.   Ryan Roberts, the decedent, was at all times relevant to the complaint, an adult resident of the City of Philadelphia, PA.

4.   The Plaintiff, Kathleen Newtown, is the mother of the decedent, Ryan Roberts, with letters of administration ordered on July 18, 2013, appointing her as the Administrator of the Estate of Ryan Roberts.

5.   Defendant Police Officer Joseph Busa, Badge No. 1192, is and was at all times relevant to this complaint, a Police officer with the City of Philadelphia Police Department, and acting under color of state law.  He is being sued in both his individual and official capacities.

6. Defendant Police Officer Matthew McCarthy, Badge No. 2789, is and was at all times relevant to this complaint, a Police officer with the City of Philadelphia Police Department, and acting under color of state law. He is being sued in both his individual and official capacities.

7. Defendant Police Officer Dennis Turner, Badge No. 2175, is and was at all times relevant to this complaint a Police officer with the City of Philadelphia Police Department, and acting under the color of state law. He is being sued in both his individual and official capacities.

8. Defendant Police Officer Russell Valenza, Badge No. 2177, is and was at all times relevant to this complaint a Police officer with the City of Philadelphia Police Department, and acting under the color of state law. He is being sued in both his individual and official capacities.

9. Defendant Police Officer John Doe I, Badge No. unknown, is and was at all times relevant to this complaint a Police officer with the City of Philadelphia Police Department, and acting under the color of state law. He is being sued in both his individual and official capacities

10. Defendant Police Officer John Doe II, Badge No. unknown, is and was at all times relevant to this complaint a Police officer with the City of Philadelphia Police Department, and acting under the color of state law. He is being sued in both his individual and official capacities

11. The City of Philadelphia is a municipal corporation and the public employer of the said individual Defendant Police Officers.

## Facts

12. It is alleged that on July 21, 2011 at 1807 East Albert Street at approximately 4:00 p.m., in the City and County of Philadelphia, Pennsylvania, the Police were called to that location in response to an attempted burglary.

13. Defendant Police Officers Busa and McCarthy responded to the call and arrived on the scene. Defendants Busa and McCarthy were directed by neighbors to a location in an alleyway where they observed the Plaintiff's decedent, Ryan Roberts, lying on the ground with a young man by the name of Jeffrey Evans standing nearby. After speaking with Jeffrey Evans, the resident of 1807 Albert Street, Police Officer McCarthy placed handcuffs on the Plaintiff's decedent, identified by police as Ryan Roberts.

14. At the time he was placed in handcuffs, the Plaintiff's decedent displayed clear signs that he was intoxicated, specifically, under the influence of a controlled substance. Defendants Busa and McCarthy ordered the Plaintiff's decedent to get off the ground. It was immediately clear to both Defendant Busa and McCarthy that the Plaintiff's decedent was unable to stand on his own, and could not walk.

15. The only visible physical injuries on Plaintiff's Decedent appeared to be a scratch on his shoulder. There were no physical injuries to his face, head, limbs or torso. Despite his intoxicated condition, Defendants Busa and McCarthy ordered an Emergency Patrol Wagon to transport the Plaintiff's decedent to the hospital, rather than calling for an ambulance.

16. Upon information and belief, either Defendant Police Officer Dennis Turner and his partner, Defendant Police Officer Russell Valenza, in Philadelphia Police Emergency Patrol Wagon 2603, or Defendant Police Officer John Doe I and his partner, Defendant Police Officer John Doe II, arrived in Philadelphia Emergency Patrol Wagon 2601, in response to a radio call for transport of the Plaintiff's decedent as a hospital case.

17. Upon arrival, Defendant Police Officer Turner and Defendant Police Officer Valenza, or alternatively, Defendants, Police Officers John Doe I and John Doe II, observed the Plaintiff's decedent lying on his side in a vacant lot, handcuffed and in an intoxicated state.

18. Upon information and belief, arresting officers, Defendants Busa and McCarthy, along with Defendants, Police Officers Turner and Valenza, or alternatively Defendants John Doe I and John Doe II, grabbed the Plaintiff's decedent by his arms and legs and carried him into a Philadelphia Police Emergency Patrol Wagon, either, Wagon Number 2601 or 2603.

19. Upon information and belief, Defendants Busa, McCarthy, Turner, Valenza, John Doe I and John Doe II, with deliberate indifference to the Plaintiff's decedent's physical condition, and his right to be free from excessive use of force, failed to call for an ambulance to transport him to the hospital.

20. Having failed to ensure his safety by calling for an ambulance, the above named Defendants acted with deliberate indifference to the Plaintiff's decedent's physical condition and right to be free from excessive use of force, by their failure to secure the Plaintiff's decedent with any available safety restraints which might have been available inside the Emergency Patrol Wagon used for transport. The above named Defendant Officers acted with deliberate indifference, knowing that as a result of the Plaintiff's decedent's intoxicated condition, and restricted use of his hands as a result of the handcuffs, that their actions in failing to safely secure the Plaintiff's decedent while transported inside the back of the Emergency Patrol Wagon, would result in serious injury to his person.

21.     Upon information and belief, Defendant Police Officers Turner and Valenza, or John Doe I and John Doe II, did in fact transport the Plaintiff's decedent, handcuffed, intoxicated, and unsecured in the back of the Emergency Patrol Wagon, and while traveling, started and stopped the van, and made numerous turns while the Plaintiff's decedent slammed around in the back of the wagon on the way to Episcopal Hospital.

22.     Upon arrival at Episcopal Hospital the Plaintiff's decedent's injuries were evaluated by the medical staff which noted that the patient sustained injury to the head, chest, and abdomen.  As a result of his serious condition, Plaintiff's decedent was transported to Temple University Hospital by ambulance for treatment of his serious, life-threatening injuries.

23.     Upon arrival at Temple Hospital, the Plaintiff's decedent was treated in the Emergency Room and admitted suffering from pain in the chest and both arms, and was treated for a closed head injury, skull fracture, and loss of consciousness, and multiple abrasions all over his body.  Additionally, the Plaintiff's decedent was suffering from acute renal failure and hyperthermia.  Upon information and belief, the Plaintiff's decedent remained in intensive care for more than two weeks while his condition deteriorated.  Eventually, the Plaintiff's decedent died on August 8, 2011, from multiple organ failure.

24.     As a direct and proximate result of the acts of the Defendant Police Officers, the decedent suffered the following injuries and damages:

   a.  Violation of his constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution, to be free from an unreasonable search and seizure of his person;

b. Loss of his life;

c. Physical pain and suffering and emotional trauma in suffering prior to his demise.

25. The actions of the Defendants violated the following clearly established and well settled federal constitutional rights of the decedent Ryan Roberts:

b. Freedom from the unreasonable seizure of his person;

c. Freedom from the use of excessive, unreasonable and unjustified force against his person.

## COUNT I - Excessive Force
## 42 U.S.C. §1983

26. Paragraphs 1 through 25 are incorporated herein by reference as though fully set forth.

27. Defendants Police Officer Joseph Busa, Matthew McCarthy, Dennis Turner, Russell Valenza, John Doe I, John Doe II, acting under the color of state law and with deliberate indifference, used excessive force upon the Plaintiff's decedent who was intoxicated at the time, by failing to call an ambulance to transport him to the hospital, and by placing him in the back of an Emergency Patrol Wagon in handcuffs, and unsecured to any safety harness causing him to slam around in the back of the van while being transported to Episcopal Hospital.

28. As a direct and proximate cause of the Defendant's actions the Plaintiff's decedent suffered serious bodily injury to his head, limbs and torso, requiring emergency care.

29. The Defendants violated Plaintiff's decedent's right to be free from the use of excessive force by police officers, acting under the color of state law. The Defendants' conduct violated the Plaintiff's decedent's rights under the Fourth and Fourteenth Amendment of the United States Constitution, 42 U.S.C. §1983.

## COUNT II
## 42 U.S.C. § 1983-Wrongful Death

30. Paragraphs 1 through 29 are incorporated herein by reference as though fully set forth above.

31. The Plaintiff, Kathleen Newton on behalf of the Estate of Ryan Roberts, claims damages for the wrongful death of the decedent, Ryan Roberts and for the loss of income and support and protection and care and assistance to the children, and for burial expenses, under 42 U.S.C. § 1983 and the Pennsylvania Wrongful Death Statute.

32. Defendant Police Officers Joseph Busa, Matthew McCarthy, Dennis Turner, Russell Valenza, John Doe I, John Doe II used excessive force upon the person of the Plaintiff's decedent, which caused serious bodily injury, eventually resulting in his death.

33. Plaintiff Kathleen Newtown on behalf of the Estate of Ryan Roberts, claims damages for the wrongful death of Ryan Roberts, and loss of income, services, protection, care, assistance, guidance, comfort and companionship and for the funeral and burial expenses under the Commonwealth of Pennsylvania and the Pennsylvania Wrongful Death Statute.

## COUNT III
## 42 U.S.C. § 1983-Survival Action

34. Paragraphs 1 through 33 are incorporated herein by reference as though fully set forth.

35. As a result of the conduct of the Defendant Police Officers Joseph Busa, Matthew McCarthy, Dennis Turner, Russell Valenza, John Doe I, John Doe II, Ryan Roberts, was forced to endure great conscious pain and suffering in the weeks leading up to his death.

36. Ryan Roberts filed no action during his lifetime, but under the laws of the Commonwealth of Pennsylvania this action survives and may be asserted by his Estate of Ryan Roberts.

37. Plaintiff Kathleen Newton, on behalf of the Estate of Ryan Roberts, claims damages for the conscious pain and suffering and necessary medical expenses incurred by Ryan Roberts, under 42 U.S.C. § 1983.

## COUNT IV – CONSPIRACY TO COMMIT EXCESSIVE FORCE
## 42 Pa. U.S.C. §1983

38. Paragraphs 1 through 37 are incorporated herein by reference as though fully set forth.

39. The Defendant Police Officers Joseph Busa, Matthew McCarthy, Dennis Turner, Russell Valenza, John Doe I, John Doe II, while acting under the color of state law and with deliberate indifference, unlawfully conspired to place the Plaintiff's decedent in handcuffs and unsecured in the back of a police van to be transported to the hospital knowing he was in an intoxicated condition. As a direct and proximate cause of the Defendants' unlawful actions, the

10

Plaintiff's decedent suffered serious bodily injury, as well as emotional pain and suffering. The Defendants acted jointly, and in concert with one another, to commit excessive force upon the Plaintiff's decedent, in violation of his rights as set forth under the Fourth and Fourteenth Amendments to the United States Constitution, as well as under 42 U.S.C. §1983.

## COUNT V – ASSAULT AND BATTERY

40. Paragraphs 1 through 39 are incorporated herein by reference as though fully set forth.

41. Defendants Police Officers Joseph Busa, Matthew McCarthy, Dennis Turner, Russell Valenza, John Doe I, John Doe II, intentionally and willful disregarded the Plaintiff's decedent's physical condition, committed assault and battery upon the Plaintiff's decedent who was intoxicated at the time, by failing to call an ambulance to transport him to the hospital, and by placing him in the back of an Emergency Patrol Wagon in handcuffs, and unsecured to any safety harness causing him to slam around in the back of the van while being transported to Episcopal Hospital. This was in violation of the law of the Commonwealth of Pennsylvania.

42. As a direct and proximate cause of the Defendant's actions the Plaintiff's Decedent suffered serious bodily injury to his head, limbs and torso, requiring emergency care.

## COUNT VI – CONSPIRACY TO COMMIT ASSAULT AND BATTERY (STATE CLAIM)

43. Paragraphs 1 through 42 are incorporated herein by reference as though fully set forth.

44. The Defendant Police Officers Joseph Busa, Matthew McCarthy, Dennis Turner, Russell Valenza, John Doe I, John Doe II, intentionally and willfully disregarded the Plaintiff's

decedent's physical condition, by conspiring to commit assault and battery upon the Plaintiff's decedent, who was intoxicated at the time, by failing to call an ambulance to transport him to the hospital, and by placing him in the back of an Emergency Patrol Wagon in handcuffs, and unsecured to any safety harness causing him to slam around in the back of the van while being transported to Episcopal Hospital. As a direct and proximate cause of the Defendants' unlawful conspiracy, the Plaintiff's decedent suffered serious bodily injury, as well as emotional pain and suffering. This was in violation of the law of the Commonwealth of Pennsylvania.

## CLAIM VII - CITY OF PHILADELPHIA
## 42 U.S.C. §1983

45. Paragraphs 1 through 44 are incorporated herein by reference as though fully set forth below.

46. Upon information and belief, prior to July of 2011, the City of Philadelphia developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of individuals arrested and on the streets of Philadelphia.

47. Upon information and belief it was a policy and/or custom of the City of Philadelphia Police Department for officers to transport handcuffed suspects unsecured by proper vehicle safety restraints subjecting those individuals to injuries including permanent injuries. With full knowledge of this pattern and practice, the City of Philadelphia equipped police Emergency Patrol Wagons with passenger restraints. The City of Philadelphia has acted with deliberate indifference in failing to ensure that police officers are instructed and trained to utilize these passenger restraints during the course of transporting suspects, particularly those suspects

who appear to be intoxicated.   The failure to implement a policy, and provide proper training to Philadelphia police officers regarding the safe transportation of suspects, and furthermore, the failure to properly investigate those claims of excessive force arising out of the failure to secure transporting suspects, caused the individually named Defendant officers to commit the violation against Plaintiff's decedent in this case.

48.     Defendant City of Philadelphia, as a matter of policy and practice, has with deliberate indifference, failed to properly train the police officers regarding the proper way to secure and transport suspects in Police Emergency Patrol Wagons, and consequently has failed to sanction, discipline and/or retrain the police officers generally, and specifically the named Defendant officers Joseph Busa, Matthew McCarthy, Dennis Turner, Russell Valenza John Doe I, and John Doe II, for violations of constitutional rights of citizens.

49.     Upon information and belief, Defendant City of Philadelphia, as a matter of policy and practice failed to properly supervise and train its Police Officers, including the Defendant Police Officers, regarding the appropriate method of transporting suspects, especially those suspects in need of immediate medical treatment, and/or incapacitated, and as such, permitted police officers generally, and the Defendants specifically in this case to use the unsecured method of transport in the back of an Emergency Patrol Wagon as a means of excessive force, and a form of punishment of a suspect. The Police Department did not require appropriate training for its Police Officers regarding the methods of securing an individual who was handcuffed and transported in the back of a Police Emergency Patrol Wagon.   If provided,

13

training methods were not properly enforced once the Department became aware of this unsecured method of transport as a means of excessive use of force.

50. As a result of the above described policies and customs, Police Officers of the City of Philadelphia, including the Defendant Police Officers, believe their actions would not be properly monitored by supervisory Officers, and that misconduct would not be investigated and punished, but rather tolerated within the Department. This allowed these Police Officers, including these individual Defendant Police Officers, to conceal the violation of constitutional rights, thereby causing and encouraging Police Officers, including the Defendants, to engage in this unconstitutional conduct.

51. The above described policies and customs demonstrate deliberate indifference on the part of the policy makers in the City of Philadelphia Police Department, to the constitutional rights of persons within the City of Philadelphia subject to arrest, and was the direct cause of the violations of Plaintiff's decedent's rights alleged herein.

52. The actions of Defendants Joseph Busa, Matthew McCarthy, Dennis Turner, Russell Valenza, John Doe I, John Doe II and the City of Philadelphia, acting under the color of state law, deprived the Plaintiff's decedent, Mr. Roberts of his rights, privileges and immunities under the law and Constitution of the United States as set forth in the Fourth Amendment, Fourteenth Amendment, the Due Process Clause as well as 42 U.S.C. Section 1983.

WHEREFORE, the Plaintiff's decedent requests that this Court:

a. Award compensatory damages to Plaintiff's Decedent against the Defendants;

b. Award punitive damages against the individual Defendants;

c. Award costs of this action to the Plaintiff's Decedent;

d. Award reasonable attorney's fees and costs to the Plaintiff's Decedent pursuant to 42 U.S.C. §1988;

e. Award such other and further relief as this Court may deem appropriate.

Respectfully submitted,

_____
PAUL J. HETZNECKER, ESQUIRE
Attorney for Plaintiff, Estate of Ryan Roberts

DATE: July 18, 2013

15